# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

**JOHN DEMSHECK,** individually
and on behalf of others similarly situated,

      Plaintiffs,

v.                                  CASE No. **3:09-CV-335-J-25TEM**

**GINN DEVELOPMENT COMPANY, LLC**
and **LUBERT-ADLER PARTNERS, L.P.,[1]**

      Defendant.
_____/

## ORDER AND JUDGMENT APPROVING CLASS-ACTION SETTLEMENT AND DIRECTING NOTICE OF FINAL APPROVAL

    **THIS CAUSE** came before the Court for hearing on February, 18, 2014.  The Court, having considered the Motion for Preliminary Approval and Final Approval and the declarations in support thereof, the Settlement Agreement (the "Agreement"), Objection regarding the proposed settlement, the record in the above captioned action (the "Action"), the evidence presented, and the arguments and authorities presented by counsel and finds as follows:

_____

[1] Lubert-Adler Partners, L.P. was terminated as a party on 08/30/2011.

## I.    Background

The parties hereto have entered into a Class Settlement Agreement
("Agreement") that resolves the Plaintiffs' claims under the Interstate Land
Sales Full Disclosure Act, 15 U.S.C. § 1703 for Defendant's failure to
provide the services or amenities as contracted and a property report in
advance of the signing of a contract related to real estate purchases.
Additionally, Plaintiffs alleged that Defendant engaged in a scheme by
creating a false appearance of high demand for properties, artificially
manipulating the property values and circumventing the legal requirements
for sale in violation of the Racketeer Influenced and Corrupt Organizations
Act (RICO), 18 U.S.C. § 1961 *et seq.*

Class Representatives and Defendants reached a settlement (the
"Class Settlement") as of July 29, 2013 (terms capitalized herein and not
otherwise defined shall have the meanings ascribed to them in the
Settlement Agreement (Dkt. 138, Exhibit 1)).  The Parties have submitted a
detailed written Settlement Agreement together with numerous exhibits and
proposed orders (Dkt. 138).

On September 30, 2013, the Court entered an Order (the "Preliminary
Approval Order")(Dkt.142) that preliminarily approved the proposed
Settlement Agreement (the "Agreement") in this Lawsuit and specified the

manner in which the Parties were to provide Class Notice to the Settlement Class Members.  Following the dissemination of Class Notice, Settlement Class Members were given an opportunity to request exclusion from the Settlement Class and/or object to the Agreement (including Plaintiff's counsel's request for fees and expenses).

A Fairness Hearing was held on February 18, 2014, at which time all interested persons were given a full opportunity to state any objections to the Agreement.  The Fairness Hearing was held more than ninety (90) days after the Parties provided notice of the proposed Agreement to federal and state-level attorneys general as required by 28 U.S.C. § 1715(b), thus complying with 28 U.S.C. § 1715(d).   A joint objection was filed on behalf of Christopher Greco, Robert Torr, and J. Scott Simmons (Dkt. 148).  Gary W. Francis also filed an objection on his own behalf (Dkt. 154).

## II.  Discussion

### a. *Final Settlement Class Certification*

"For a district court to certify a class action, the named plaintiffs must have standing, and the putative class must meet each of the requirements specified in Federal Rule Civil Procedure 23(a), as well as at least one of the requirements set forth in Rule 23(b)." *Klay v. Humana, Inc.*, 382 F.3d 1241, 1250 (11th Cir. 2004).  Rule 23(a) requires a putative class to meet

the requirements of numerosity, commonality, typicality, and adequacy of representation. *See* Fed. R. Civ. P. 23(a); *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1265 (11th Cir. 2009).

In this case, Plaintiffs seek certification pursuant to Rule 23(b)(3), which requires two additional findings, specifically: "(1) that common questions of law or fact predominate over questions affecting only individual members ('predominance'); and (2) that a class action is superior to other available methods for adjudicating the controversy ('superiority')." *Vega*, 564 F.3d 1256, 1265.

Unswayed by the objector's arguments, the Court again adopts the reasons stated within Plaintiff's Unopposed Amended Motion for Preliminary Approval of Class Action (Dkt. 140) and finds that the Settlement Class satisfies the four prerequisites for certification under Rule 23(a). Similarly, the Court finds that common questions of law or fact predominate over questions affecting only individual members, and that a class action is superior to other available methods for adjudicating the controversy. *See* Fed. R. Civ. P. 23(b)(3); *Vega*, 564 F.3d at 1265 (11th Cir. 2009). As such, final certification of this class is proper.

### b. Certification and Settlement Notice

In accordance with the Order (Dkt. 142) granting preliminary approval, on December 2, 2013, the claims administrator mailed copies of the Court approved Class Notice to the physical addresses of the 2,290 potential Settlement Class Members provided by the parties. (*See* Affidavit, Dkt. 155-1). Additionally, each address was checked via the National Change of Address Database to determine whether they were still current. (*Id.*). Further, a link to the website containing the class notice was emailed to each potential Settlement Class Member's email address that was provided by Defendant. (*Id.*).

The Court approved notice included each of the requirements set out in Rule 23(c)(2)(B)(i)-(vii), adequately apprising these members of the nature of the action and allowing for exclusion from the settlement class. Upon review, the notice issued in this case, informed class Members of the nature of the action, its claims, issues raised and the effect of the settlement in accordance with Rule 23(e)(1). Further, notice was "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections," thereby satisfying the demands of constitutional due process. *Reams v. Irvin*, 561 F.3d 1258, 1265 (11th Cir. 2009)(citation

omitted).  Mr. Greco's argument that notice was improper because it uses the term reimbursement is not well taken.  Specifically, Mr. Greco's written objections and those argued orally by his counsel at the fairness hearing detail the actual settlement benefits and examples of a Settlement Class Member's possible claim payout as supplied by the Class Notice.

### c. Final Settlement Approval[2]

As a threshold matter, the Court notes that although initially included as co-objectors (*See* Dkt. 152), Robert Torr, J. Scott Simmons and Cathy Taylor successfully submitted individual requests to opt-out of the settlement class prior to the fairness hearing. (*See* Dkt. 164)  Additionally, Gary W. Francis also filed and objection and successfully opted out of this action prior to the fairness hearing.  (*See* Dkt. 175).  Consequently, Gary W. Francis, Robert Torr, J. Scott Simmons and Cathy Taylor no longer have standing to object and Mr. Greco stands as the lone objector.  *See U.S. v.* Alabama, 271 Fed. App'x 896 (11th Cir. 2008); *Elkins v. Equitable Life Ins. of Iowa*, CivA96-296-Civ-T-17B, 1998 WL 133741, at *28 (M.D. Fla. Jan. 27, 1998).

---

[2]In reaching its findings, the Court considered all of the objections filed on the record and raised by the objector's counsel during the fairness hearing.

In objecting, Mr. Greco's arguments include that: (1) the settlement is not fair, reasonable or adequate because Settlement Class Members are required to release all claims and wave all defenses against Defendant and all related and affiliated entities for approximately $375,000; (2) the release is overbroad, unconscionable, unfair and unreasonable; (3) notice is deficient, misleading and does not meet due process requirements; (4) the Settlement Class is overbroad; (5) Plaintiff Demsheck lacks the legal standing to represent, Settlement Class Members in other developments and to waive all of their defenses; (6) the settlement process is unconscionable, unfair and unreasonable; (7) Defendant Ginn and its affiliates have failed to meet their burden of proving they have "little or no assets;" (8) Lubert-Adler is not legally entitled to a release in consideration for paying nothing to Settlement Class Members; (9) Plaintiff Demsheck and Class counsel have breached their fiduciary duty to the Settlement Class and are inadequate as Class counsel; (10) the proposed Settlement represents a collusive undertaking between Plaintiff Demsheck, Class counsel, Ginn, Lubert-Adler and their counsel; and (11) "Plaintiff Demsheck, by agreeing to this Settlement with the Defendants,  hopes to strip Plaintiffs and Class Members in the *Lawrie, et al. v. Ginn Development*

*Company, LLC, et al.* (Case No. 3:09-cv-446-TJC-JRK) ("*Lawrie*") action of their ability to proceed on behalf of the putative class."[3]

"[I]n order to approve a settlement, the district court must find that it 'is fair, adequate and reasonable and is not the product of collusion between the parties." *Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984)(citing *Cotton v. Hinton*, 559 F.2d 1326, 1330 (5th Cir. 1977)). The factors the court should consider include: (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved. *Id.*

In determining the likelihood of success at trial, a district court need only determine who is "most likely" to prevail. *Ault v. Walt Disney World Co.*, 692 F.3d 1212, 1218 (11th Cir. 2012). Although Ginn Development

---

[3]Mr. Greco also filed a Motion to Intervene (Dkt. 150) that was Denied by this Court (*See* Dkt. 171). The Court granted Mr. Greco an additional fourteen (14) days after the fairness hearing in which to seek an exclusion from this action. Oddly, Mr. Greco chose not to protect his rights and opt-out. The Court notes that Mr. Greco's counsel is also counsel in *Lawrie*, a competing action that also asserts class based claims, some of which will be barred by the final certification of this Class. Although not initially convinced of an ulterior motive regarding Mr. Greco's objections, the Court now has serious concerns.

Company, LLC is a named Defendant in numerous cases dating back to 2008, the Court was unable to find a single instance where an action has survived beyond the dispositive motions stage.  Further, Mr. Greco failed to introduce evidence of the success on the merits of any related action against Defendant.  Importantly, this Court's research evidences a history of dismissed claims based on substantially similar fraud based claims alleged against Defendant, its subsidiaries and other associated entities. *See* (*Lawrie et al. v. The Ginn Companies, LLC, et al.,* case no. 3:09-cv-446-TJC-JRK); (*D.H.G. Properties, LLC v. The Ginn Companies, LLC, et al.*, case no. 3:09-cv-735-MMH-JRK); (*Karmo v. The Ginn Companies, LLC, et al.*, case no. 3:09-cv-705-J-20-JRK); (*Najor v. The Ginn Companies, LLC, et al.*, case no. 3-09-cv-766-J-25MCR); (*Hakim v. The Ginn Companies, LLC, et al.*, case no. 3-09-cv-767-J-25TEM).

In *Lawrie*, District Judge Corrigan voiced his concern regarding the Plaintiffs' ability to satisfy RICO's proximate cause requirement in the Order (*Lawrie*, Dkt. 139) that was issued dismissing Plaintiffs' First Amended Complaint without prejudice.  Moreover, in Magistrate Judge Toomey's Report and Recommendation (*Lawrie,* Dkt. 259, p. 21) that was subsequently adopted by Judge Corrigan (*See Lawrie,* Order, Dkt. 268, p. 21), Judge Toomey expressed doubt as to Plaintiffs ability to cure their

causation defect.  Consequently, the *Lawrie* Plaintiffs were provided "one final opportunity to state a claim for relief."  (*See id.*).  Additionally, similar Interstate Land Sales Full Disclosure Act based claims alleged in other actions against the Defendant have either been dismissed or have not advanced beyond summary judgment.

Both parties expressed that it would be difficult for Plaintiffs to succeed with these claims at trial.  The Court agrees.  The defenses available to Defendant are strong and plentiful.  For example, the majority of the claims alleged against Defendant in this and other litigation based on these fact require that Plaintiffs prove but-for causation.  As there was a sharp rise and subsequent "crash" of virtually the entire United States housing market, it would be nearly impossible to prove that but-for the actions of Defendant Ginn, their subsidiaries, Lubert-Adler and a few banks, Plaintiffs would not have suffered injury.

Although the objector, Plaintiff and Settlement Class Members all allege substantial losses, the fact that the majority of their claims have either been dismissed, are time barred or fail as a matter of law, significantly limits the range of possible recovery.  After nearly five (5) years of litigation, this case has proven to be complex, expensive and time consuming.  In fact, the longer that Defendant(s) continue to successfully

defend against these claims, the further the range of possible recovery decreases.  At this point, settlement affords at least some relief that is fair and reasonable based on the facts at hand.

The Court has considered all of Mr. Greco's arguments, along with the responses thereto.  Mr. Greco makes conclusory objections not supported with actual evidence or precedent case law that also fail to account for other pertinent considerations.[4]  It appears that Mr. Greco and his counsel have strategically objected to virtually every aspect of this Settlement and failed to opt-out during the fourteen (14) day extended period granted by this Court.  The Court notes the objector's written and orally expressed desire to ultimately wrestle control of the class based litigation from counsel in this action back to counsel in the *Lawrie* action.

Upon review, the release is tailored to prevent the relitigation of settled questions at the core of this class action.  *Matsushita Elec. Indus. Co., Ltd. V. Epstein*, 516 U.S. 367, 376-77, 116 S.Ct. 873 (1996)("In order to achieve a comprehensive settlement that would prevent relitigation of settled questions at the core of a class action, a court may permit the release of a claim based on the identical factual predicate as that

---

[4] The Court will provide some of its reasoning for overruling these objections throughout this Order.

underlying the claims in the settled class action even though the claim was not presented and might not have been presentable in the class action."). As allowing a Settlement Class Member to assert a defense based on these underlying claims would require them to be relitigated, it follows that waiver of these defenses can also be included under the Settlement Class release. *See id.*

Mr. Demsheck has standing to act as Class Representative because he satisfies the injury in fact, causation and redressabilty prerequisites of individual standing, possesses the same interests and suffers the same alleged injury as the Class Members. *Mills v. Foremost Ins. Co.*, 511 F.3d 1300, 1307 (11th Cir. 2008).

Mr. Greco's arguments that Defendant Ginn has a duty to prove their specific level of assets and dismissed party Lubert-Adler has a duty to pay a portion of the Settlement to be legally entitled to a release are misplaced. In fact, "class action settlements have in the past released claims against non-parties where…the claims against the non-party being released were based on the same underlying factual predicate as the claims asserted against the parties to the action being settled." *Lipuma v. American Express Co.*, 406 F.Supp.2d 1298, 1317 (S.D. Fla. 2005)(citation omitted). Additionally, the fact that Ginn was generally allowed to pay dividends to

shareholders from its profits and has been or is currently a Defendant in hundreds of cases within the last six (6) years, reasonably evidences their reduced assets.

Although Mr. Greco's written objections allege collusion, upon being questioned by the Court during the fairness hearing, counsel for the objector retreated from this stance. Curiously, although not a named party in the *Lawrie* action, Mr. Greco's written and oral objections involved lengthy discussions of *Lawrie* and how Mr. Demsheck and his counsel hope to strip Plaintiffs and Class members in Lawrie of their ability to proceed on behalf of the putative class. Notably, the instant action was filed nearly two (2) months prior to *Lawrie,* and unlike *Lawrie*, has proceeded beyond the motion to dismiss stage and received preliminary class certification. Consequently, the Court has difficulty understanding why it should find the current Class counsel inadequate and instead defer to counsel in *Lawrie*, where after conducting four (4) years and nine (9) months of litigation they still remain at the initial pleading stage. (*See Lawrie*, 3:9-cv-446, Third Amended Complaint Dkt. 272). Importantly, current Class counsel has considerable litigation experience and success involving class actions.

Giving due deference to the negotiated settlement, the Court appointed mediator's report (Dkt. 101) detailing the effort of the parties to reach a settlement and due consideration to the record as it reflects a highly contested action, it is appropriate that the Court overrule Mr. Greco's objections. The Court finds the Settlement results in a fair, adequate and reasonable remedy within the range of possible recoveries. *See Bennett*, 737 F.2d 982 (11th Cir. 1984). The Court finds no indication of collusion between Plaintiff Demsheck, Plaintiffs' counsel and Defendant's counsel. Moreover, there is no showing of divergent interests and no breach of fiduciary duty.

### d. Class Representative Incentive Award, Administrative Expenses, and Attorneys' Fees and Expenses

### i. Representative incentive award

Although the Eleventh Circuit has not established a "rule that settlements benefit all class members equally, a disparate distribution favoring named plaintiffs requires careful judicial scrutiny…." *Holmes v. Continental Can Co.*, 706 F.2d 1144, 1148 (11th Cir. 1983). Courts commonly consider: (1) the risk to the representative in commencing the suit, financial or otherwise; (2) the amount of time and effort by the representative; (3) the personal benefit enjoyed by the representative as a

result of the litigation; and (4) the duration of the litigation.  After the administrative expenses, attorneys' fees and their expenses are subtracted, approximately $800.00 per Class Member remains.  The Representative incentive award as requested amounts to 2.1% of the total fund and is approximately 19 times the average settlement amount that will be paid to each Settlement Class Member.  Importantly, the record does not reflect a high level of risk to the Representative or an unusual commitment of time and effort to the litigation on behalf of the Class Representative.   Consequently, the Court finds the requested $15,000.00 Representative incentive award unreasonable and instead awards $5,000.00 to the Class Representative.

### *ii.   Administrative expenses*

1.      The Klok Law Firm of Mount Pleasant, South Carolina was appointed Claims Administrator.  They are charged with administering the settlement in accordance with the terms of the Agreement.  The Court hereby approves the request for administrative expenses in the amount of $25,000 as fair and reasonable.

### *iii.  Attorneys' fees and expenses*

In the Eleventh Circuit, attorneys' fees awarded from a common fund are based upon a reasonable percentage of the fund established for the

benefit of the class. *Camden I Condominium Ass'n v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991). Although the factors which will impact the appropriate percentage to be awarded may vary, the twelve (12) factors utilized in *Johnson v. Georgia highway Exp., Inc.*, 488 F.2d 714 (5th Cir. 1974)[5] are appropriately used in evaluating and setting the percentage fee awarded in common fund cases. *Camden*, 946 F.2d at 775. These factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and the length of the professional relationship with the client; and (12) awards in similar cases. *Johnson*, 488 F.2d 714 (5th Cir. 1974). The "bench mark" percentage is 25%, and may be adjusted up or down based on the circumstances of each case. *Camden*,

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered before the close of business on September 30, 1981.

946 F.2d at 775.  "[O]ther pertinent factors are the time required to reach a settlement, whether there are any substantial objections by Class Members or other parties to the settlement terms or the fees required by counsel, any non-monetary benefits conferred upon the class by the settlement, and the economics involved in prosecuting a class action."  *Id.*

Upon reviewing: (1) time and labor required; (2) the skill requisite to perform the legal service properly; (3) the preclusion of other employment by the attorney due to acceptance of the case; (4) whether the fee is fixed or contingent; (5) the time limitations imposed by the client or the circumstances; (6) the experience, reputation, and ability of the attorneys; and (7) the nature and the length of the professional relationship with the client, the Court finds that these factors are essentially neutral and do not warrant a departure from the "bench mark" percentage.  However, the novelty and difficulty of the questions involved and the customary fee charged weigh in favor of granting an upward departure from the "bench mark."

Conversely, the amount involved and the results obtained weigh slightly against an upward departure from the benchmark.  Additionally, as a plethora of actions based on similar allegations have been filed by many different law firms, the desirability of this case is not in question.  Finally,

based on the facts of this case and the Court's experience with similar matters, 25% of the common fund is the typical award.  *See Camden*, 946 F.2d 768, (11th Cir. 1991).  Consequently, a fee award consistent with the "bench mark" percentage is warranted.

The Court finds that 25% for attorneys' fees is appropriate in this case.  Therefore the Court awards Class counsel $175,000 in fees.  Class counsel shall also receive $57,081.84 for costs.  Consequently, Class counsel's fees and costs are reasonable as they represent 33.2% of the total fund.

Having read and fully considered the terms of the Agreement and all submissions made in connection with it, and all other matters of record with the Court, and for good cause shown, the Court finds that the Agreement should be finally approved and the Lawsuit dismissed with prejudice as to Plaintiff and all Settlement Class Members who have not excluded themselves from the Settlement Class, and without prejudice as to all persons who timely and validly excluded themselves from the Settlement Class.  Accordingly,

## IT IS HEREBY ORDERED AND ADJUDGED THAT:

1.     This Court has subject-matter jurisdiction over the subject matter of the Action, and personal jurisdiction over the Plaintiff, Class

Members, and the Defendants. The prior provisional certification of the Settlement Class is hereby confirmed pursuant to Rules 23(b)(3) and 23(e) and made final for purposes of the Agreement as approved by this Order. The Settlement Class is defined as:

> All entities and natural persons that took title to real estate (e.g., undeveloped land, a condominium, a townhome, etc.) in a development operated or developed by Ginn or any of Ginn's past or present subsidiaries, divisions, related or sister or affiliated entities (collectively, the "Ginn Developers") directly from the Ginn Developers in connection with a purchase contract that was fully executed between April 13, 2006 and April 13, 2009. (As used herein, each such parcel of real estate shall be referred to as "Ginn Property.")

By way of example, if the purchase contract was signed within the class period, that purchaser would be a member of the Settlement Class even if the sale was closed outside the class period. By way of further example, if the contract was signed outside the class period and the sale was closed within the class period, that purchaser would not be a member of the Settlement Class.

2.     The Settlement Class excludes: (a) all entities and natural persons who did not take title directly from the Ginn Developers, including without limitation resale purchases of Ginn Property; (b)  the Ginn Developers' past or present employees, officers, directors, agents, attorneys, and representatives and their family members as well as any

entities created or controlled by any of the aforementioned persons; (c) all entities and natural persons who timely and validly elected to exclude themselves from the Settlement Class; (d) all entities and natural persons who have previously executed and delivered to one or more of the Ginn Developers releases of any claims they may have with respect to their purchase of Ginn Property; and (e) all entities and natural persons who have asserted claims against one or more of the Ginn Developers related to their purchase of Ginn Property and whose claims have been (i) dismissed with prejudice and/or (ii) dismissed without prejudice but who have not re-asserted those claims against one or more of the Ginn Developers before the deadline for doing so under applicable law.

3.      Pursuant to the Court's Preliminary Approval Order (Dkt. 142), the form, content, and method of dissemination of the notice given to Class Members who could be identified through reasonable effort, were adequate and reasonable and constituted the best notice practicable under the circumstances in satisfaction of the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process (and that the attendant claim form also satisfies such requirements).

4.      For the reasons set forth in the Court's Preliminary Approval Order and further expounded in this Order, the Court hereby approves the terms of the Agreement as fair, reasonable, and adequate as it applies to the Settlement Class, and directs consummation of all its terms and provisions.

5.      The Class Representative and its counsel fairly and adequately represents the interests of the Class Members in connection with the Settlement Agreement.

6.      The Settlement Agreement is the product of good-faith, arm's-length negotiations by the Class Representative and its counsel, and Settling Defendants and their counsel, and the representative of the Settlement Class and Settling Defendants were represented by capable and experienced counsel.

7.      The Settlement Agreement is fair, reasonable, adequate, and in the best interests of Class Members, and is approved in all respects, and the parties are directed to perform and satisfy the terms and conditions of the Settlement Agreement.

8.     The Agreement shall be binding on Ginn and Plaintiff, as well as all members of the Settlement Class who have not been excluded pursuant to the Agreement.

9.     The Court dismisses on the merits and with prejudice the above captioned action entitled *John Demsheck, individually and on behalf of all others similarly situated v. Ginn Development Company, LLC; Lubert-Adler Partners, LP*, in the United States District Court for the Middle District of Florida, Jacksonville Division, Case Number 3:09-CV-335-HLA-TEM and all claims that have been or could have been asserted therein.

10.     Upon the Effective Date of the Agreement, the Plaintiff and each Settlement Class Member, on behalf of themselves and their respective agents, assigns, attorneys, accountants, principals, members, employees, officers, directors, independent contractors, investors, successors, predecessors, insurers, representatives, parents, subsidiaries, divisions, sister and affiliated entities (collectively hereafter the "Settlement Class Releasors"), shall be deemed to have, and by operation of this Final Order and Judgment shall have, released, waived and discharged Defendants and each of their respective past or present agents, heirs, executors, administrators, assigns, associates, attorneys, principals,

accountants, employees, officers, directors, independent contractors, investors, creditors, successors, predecessors, insurers, representatives, parents, subsidiaries, divisions, related or sister or affiliated entities, partners, joint ventures, members, shareholders and owners, and any others who may have acted or been claimed to have acted in concert with them, or who may be liable or who might be claimed to be liable with them (collectively, the "Released Parties") from any and all charges, complaints, claims, counterclaims, third-party claims, defenses, liabilities, obligations, promises, agreements, controversies, demands, damages, actions, causes of action or suits of any kind or nature arising out of or related to the Litigation (including without limitation any and all claims, complaints, charges, liabilities, obligations, damages, actions, causes of action or suits of any kind or nature arising from or related to any potential claim of abusive litigation or misconduct arising out of the Litigation).

11.    Due and adequate notice of the proceedings having been given to the Settlement Class Members of their right to object to the settlement, the plan of allocation, and Plaintiff's counsel's right to apply for attorneys' fees and reimbursement of expenses associated with the action, and a full opportunity having been offered to the Settlement Class Members to participate in the Fairness hearing, it is hereby determined that all

Settlement Class Members are bound by this Final Order and Judgment. Specifically, Settlement Class Members who did not duly request exclusion from the Settlement Class in the time and manner provided in the Class Notice are hereby barred, permanently enjoined, and restrained from commencing or prosecuting any action, suit, proceeding, claim, or cause of action in any jurisdiction or court against Defendants or any of the other Released Parties, based upon, relating to, or arising out of, any of the matters which are discharged and released pursuant to Paragraph 7 hereof. Identification information regarding Settlement Class Members who effectively excluded themselves from the Settlement Class is set forth in Dkts. 164,165 and 170.

12. If (a) the Effective Date of the Agreement does not occur for any reason whatsoever, <u>or</u> (b) the Agreement becomes null and void pursuant to the terms of the Agreement, this Final Order and Judgment shall be deemed vacated and shall have no force or effect whatsoever.

13. Without affecting the finality of the Final Order and Judgment in any way, the Court reserves continuing and exclusive jurisdiction over the Parties, including all of the Settlement Class Members, and the execution, consummation, administration, and enforcement of the terms of the

Agreement, including the investment, conservation, protection of settlement funds prior to distribution, and distribution of settlement funds.

14.     Upon the Effective Date, all claims against the Class Representative, or its counsel or any of them, arising out of, relating to, or in connection with the Action shall be released by the Settling Defendants and their counsel, and they shall be permanently enjoined and barred from instituting, asserting, or prosecuting any and all claims that the Settling Defendants or their counsel or any of them had, have, or may in the future have against the Class Representative or its counsel, except claims to enforce the Settlement Agreement and/or this Order.

15.     Plaintiffs' Counsel's Combined Application for Award of Attorneys' Fees and Reimbursement of Expenses and Award of Class Representative (Dkt. 145) is **GRANTED** to the extent that the Class Representative shall receive an incentive award in the amount of $5,000 and the Court awards Class counsel $175,000 in fees.  Class counsel shall also receive $57,081.84 for costs.

16.     The Motions filed by subsequently excluded class members (Dkts. 157 and 161) are **MOOT.**

17.    The Clerk is directed to enter this Final Order and Judgment

forthwith.

**DONE AND ORDERED** this 5th day of March, 2014.


_____
HENRY LEE ADAMS, JR.
United States District Judge

Copies to:  Counsel of Record